IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVIN ROBINSON,** | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 23-CV-4918 |
| | : | |
| **STATE OF PENNSYLVANIA** | : | |
| **DBN#933882784,** | : | |
|     Defendant. | : | |

## MEMORANDUM

**MARSTON, J.**                                                                                          **January 4, 2024**

Plaintiff Devin Robinson brings this *pro se* civil action against the Commonwealth of Pennsylvania.  (Doc. No. 2.)  He has moved to proceed *in forma pauperis*.  (Doc. No. 1.)  For the following reasons, the Court will grant Robinson leave to proceed *in forma pauperis* and the case will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     FACTUAL ALLEGATIONS[1]

Robinson initiated this matter by filing a form compliant.  (Doc. No. 2.)  In the caption of the Complaint, Robinson lists the Defendant as "State of Pennsylvania DNB# 933882784."  (*Id.* at 1.)  He also lists the Defendant as "Commonwealth of Pennsylvania," and indicates "Court of Common Pleas Criminal Division" on the "Job or Title" line of the form.  (*Id.* at 2.)

Robinson's claims pertain to a pending criminal matter in the Court of Common Pleas of Montgomery County.  *See Commonwealth v. Robinson*, CP-46-CR-0005653-2022 (Ct. Comm Pl. Montgomery Cnty.).  He asserts, among other things, that his Fifth Amendment due process rights have been violated.  Specifically, Robinson contends that he received an "illegal

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

summons" for an "illegal hearing" scheduled for January 12, 2024. (Doc. No. 2 at 2, 4, 9.)[2] According to Robinson, "[t]his is being done illegally to violate due process of law. No [ ] crime has been done. My name is in capital letters and, that isn't me. I have been constantly harassed by the state of Pennsylvania. I been constantly threatened with prison." (*Id.*) He also asserts that the Commonwealth is "breaking the 7th Amendment by continuing to contact me outside of court procedures," that the Commonwealth is abusing its powers, and that the judge in the state court criminal case has a "B.A.R.S. Card [which] means your [sic] committing treason against the [U]nited [S]tates American republic Article 1 section 10." (*Id.* at 4-5.)[3] As relief, Robinson

---

[2] Attached to his Complaint is a copy of a Notice of Status Conference in *Commonwealth v. Robinson*, CP-46-CR-0005653-2022 (Ct. Comm. Pl. Montgomery Cnty.), which directs Robinson to appear before the Honorable Gail A. Weilheimer on January 12, 2024. (Doc. No. 2 at 9.) He also attached to the Complaint a similar notice from the Office of the Public Defender of Montgomery County advising Robinson of the January 12, 2024 conference, as well as Judge Weilheimer's Order scheduling the same. (*See id.* at 10, 11.)

[3] Robinson references various other legal terms and statutes in the Complaint, including "Article 1 Section 10 Powers Denied States," "28 U.S. Code § 1441," and "*Marbury v. Madison* (1803) Any laws that violate the constitution are null and void." (*See* Doc. No. 2 at 3). Such passing references are not sufficient to raise plausible claims. *See Campbell v. LVNV Finding, LLC*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018) (same).

In addition, Robinson references a criminal statute, 18 U.S.C. § 242. (*See* Doc. No. 2 at 3.) Criminal statutes generally do not give rise to a basis for civil liability. *Strunk v. Wells Fargo Bank, N.A.*, 614 F. App'x 586, 589 n.4 (3d Cir. 2015) (*per curiam*). Moreover, the federal criminal statute cited by Robinson does not provide an individual with a private cause of action. *Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) (*per curiam*).

The Court notes that Robinson also utilizes sovereign citizen verbiage when describing his claims. (*See, e.g.*, Doc. No. 2 at 4 (asserting that the state court summons in his criminal matter is illegal, in part, because his name is in capital letters).) "[L]egal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity. *United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for student loan); *see also United States v. Crawford*, No. 19-15776, 2019 WL 5677750, at *3 (D.N.J. Nov. 1, 2019) (holding that a criminal defendant's attempt to use fake UCC financing statements against prosecutor was a legal nullity); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by

seeks monetary damages in the form of "75,000 usd or gold and silver coins PRE 1964 SILVER OR GOLD DOLLARS." (*Id.*)

## II.     STANDARD OF REVIEW

The Court grants Robinson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*

As Robinson is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F.3d at 245); *see also Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[ ] all reasonable inferences

---

sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars").

in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [ ] claim." (internal quotations omitted)).

### III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284–85 (2002). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Robinson's Complaint, even when liberally construed, fails to state a plausible due process claim. He names the Commonwealth of Pennsylvania as the Defendant in this case. States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *A.W. v. Jersey City Pub. Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Accordingly, the claims for money damages Robinson seeks to assert against the Commonwealth of Pennsylvania may not proceed.

To the extent that the Complaint can be construed as bringing claims against the Montgomery County Court of Common Pleas Criminal Division, such claims similarly fail. The Montgomery Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*,

426 F.3d 233, 241 (3d Cir. 2005).  Thus, Robinson's claims against the Montgomery County Court of Common Pleas are also barred by the Eleventh Amendment.[4]

## IV.     CONCLUSION

For the reasons discussed above, the Court will dismiss Robinson's Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Leave to amend will not be given as any attempt to amend would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows, which dismisses this case.

---

[4] Moreover, to the extent Robinson's Complaint asserts a due process claim pursuant to 42 U.S.C. § 1983 based on the state court's Scheduling Order, the Eleventh Amendment precludes that claim as well.  *See Will*, 491 U.S. at 65–66.